Ruffin, Chief Justice.
 

 The facts in this case are precisely the same as those in the case of
 
 Brizendine
 
 v.
 
 Martin
 
 at this term (ante p. 286) except that the present plaintiff did not give to the creditors his own note for one halt of their debt, but his son Hardin Nowland, as his agent, settled the business for his father, and gave his, Hardin’s, note to the creditors.
 

 The court was of opinion that, as the son acted as the agent of his father, in settling the debt by his note, the father could maintain the action for money paid.
 

 We do not perceive any ground of discrimination between this case and that of
 
 Brizendine
 
 against the same defendant. If the son had interfered officiously, of course the father could sustain no action. But, no doubt, the son acted under the father’s authority, and gave his note on behalf of his father and instead of his father’s. Still the father has paid no money, either to the original creditor or to the son; After all, there is but a security outstanding for the debt; and as yet the surety is nothing out of pocket, but only liable for the money.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo.